UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | M.B.D. 16-mc-91013-IT |
| ) | |
| RAZA ALI,   ) | |
| Defendant  ) | |

SECOND JOINT MOTION FOR ENDS-OF-JUSTICE CONTINUANCE
OF TIME FOR FILING AN INDICTMENT OR INFORMATION,
AND EXCLUSION OF TIME,
UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through Assistant United States Attorney Stephen P. Heymann, and the defendant through undersigned counsel, respectfully move this Court to grant a continuance of the time within which an indictment or information must be filed, and exclude the time period from February 5, 2016 through and including March 7, 2016 from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. The parties further ask this Court to issue the attached proposed *Order of Continuance and Excludable Delay*. In support of this request, the parties state as follows:

1. The parties are engaged in discussions regarding the possible resolution of this matter (which was initiated by a criminal complaint in United States vs. Raza Ali, et al, 15-mj-7218-JCB) that might result in a plea agreement and obviate the need for an indictment of the defendant.

2.      The requested exclusion of time will permit defense counsel to adequately confer with the defendant, and allow the parties to further discuss and finalize the terms of any agreement, before the government is required to seek an indictment of him.  Such an agreement, in conjunction with a pre-indictment plea, may work to the defendant's benefit and permit the government and the court to allocate their resources efficiently.

3.      The parties agree that, if the requested time is excluded, the government has until April 6, 2016 to return an indictment in this case.  One previous extension has been granted.

4.      The defendant is not being held in custody on the basis of the complaint.

5.      A proposed order is attached.

 

Respectfully submitted,

| | |
|---|---|
| RAZA ALI<br>By his attorney, | CARMEN M. ORTIZ<br>United States Attorney |
| /s/ Jack Pirozzolo by SPH<br>Jack Pirozzolo | By:  /s/ Stephen P. Heymann<br>Stephen P. Heymann<br>Assistant U.S. Attorney |

Date:   February 3, 2016

## Certificate of Service

I hereby certify that this document is being served through the ECF system on counsel of record for the defendant in the case.

By:   /s/ Stephen P. Heymann
Stephen P. Heymann
Assistant U.S. Attorney

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | M.B.D. 16-mc-91013-IT |
| | ) | |
| RAZA ALI, | ) | |
| Defendant | ) | |

ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

Upon consideration of the parties' joint motion seeking an order of continuance and excludable delay, the Court finds as follows:

1.  The parties have been engaged in discussions regarding the possible resolution of this matter (which was initiated by a criminal complaint in United States vs. Raza Ali, et al, 15-mj-7218-JCB) that might result in a plea agreement and obviate the need for an indictment, and the requested continuance of the time in which an indictment or information must be filed will permit defense counsel to adequately confer with the defendant and allow the parties to further discuss and finalize the terms of any agreement, before the government is required to seek an indictment or information. Such an agreement, in conjunction with a pre-indictment plea, may work to the defendant's benefit or permit the government and the court to allocate their resources efficiently.

3.  Accordingly, the ends of justice served by granting the requested continuance, and excluding the time period from February 5, 2016 through and including March 7, 2016 from the speedy trial clock, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and

2

5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008).

Accordingly, the Court hereby grants the parties' joint motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases*, (1) the date on which an indictment or information must be filed is continued to April 6, 2016; and (2) the period from February 5, 2016 through and including March 7, 2016 is excluded from the speedy trial clock and from the time within which an indictment or information must be filed.

_____
UNITED STATES DISTRICT JUDGE

Date: